**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

——————————————————X
    :
GLADYS ESPINAL, on behalf of herself and all  :
others similarly situated,    :
    :
            Plaintiff,    :  Civil Action No.
    :
vs.    :  **CLASS ACTION COMPLAINT AND**
    :  **JURY TRIAL DEMAND**
ENHANCED RECOVERY COMPANY, LLC,  :
    :
            Defendant.    :
    :
    :
——————————————————X

Plaintiff GLADYS ESPINAL, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant ENHANCED RECOVERY COMPANY, LLC ("Defendant"), the following:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, County of Bergen and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant ENHANCED RECOVERY

COMPANY, LLC is a Florida limited liability company with a street address of 8014 Bayberry Road, Jacksonville, FL 32256.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

•  All New Jersey consumers who were sent letters and/or notices from Defendant, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

•  The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•   Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A**), except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

•   There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.      Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C.  §§ 1692e, 1692f and 1692g, and subsections therein;

b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Prior to August 1, 2016, Plaintiff allegedly incurred a financial obligation to Time Warner Cable for cable services. ("the Time Warner Cable Debt").

15.     The Times Warner Cable Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged Times Warner Cable Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Times Warner Cable is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to August 1, 2016, the Times Warner Cable Debt obligation became past due with a balance due of $650.61.

19.     At some point prior to August 1, 2016, the Times Warner Cable Debt was referred for collection by Times Warner Cable to Defendant.

20.     At the time the Times Warner Cable Debt obligation was placed with Defendant, the balance was past due.

21.     On or about August 1, 2016, Defendant sent Plaintiff a collection letter indicating a current balance due of $650.61.  See, attached Exhibit A.

22.     The   August   1,   2016   collection   letter   was   Defendant's   initial

6

communication to Plaintiff.

23.    The August 1, 2016 collection letter was sent in connection with the collection of the Times Warner Cable Debt obligation.

24.    The August 1, 2016 collection letters is a "communication" as defined by 15 U.S.C. §1692a(2).

25.    The front side of the Collection Letter included the following statement ("The Statement"): "Unless you dispute the validity of the debt, or any portion thereof, within (30) days after your receipt of this notice, the debt will be assumed to be valid by us."

26.    The Collection Letter was the first written communication by Defendant to Plaintiff.

27.    The Collection letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

28.    The wording of "The Statement" was similar to what is required under section 1692g(a)(3).

29.    The front of the Collection Letter failed to contain the required notice provided under subsections (4) or (5) of section 1692(a).

30.    The reverse side of the Collection Letter purported to include a notice in compliance with section 1692g(a).

31.    The fact that the section 1692g(a)(4) and (5) notices were only included on back of the Collection Letter, while the 1692g(a)(3) notice was included on both the back and prominently displayed on the front, gave undue emphasis to Plaintiff's obligation to dispute the debt, otherwise Defendant would assume it was valid.

7

32.     The fact only some of the 1692g(a) notices were on the front of the Collection Letter and others were relegated to the back was confusing and deceptive.

33.     The dual inclusion of the language of the Statement was confusing and could mislead or deceive the least sophisticated consumer into believing that it was more important than the other notice requirements of 1692g(a).

34.     Additionally, nowhere in the collection letter is Defendant's "true name" Enhanced Recovery Company, LLC referenced.  Instead, the Collection letter only makes reference to "ERC".

35.     The Collection Letter states:  "A portion of your balance may include fees due to unreturned Time Warner Cable equipment."   However, the Collection letter fails to itemize what those fees are.

36.     As a result of the dual inclusion of this language, Plaintiff sustained a concrete, actual injury.

37.      In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included some of the section 1692g(a) notices on the back and others on both the front and back.

38.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

39.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

40.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

41.     Defendant violated Plaintiff's right to a trustful and fair debt collection

process.

42.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

44.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

45.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

46.     On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

47.     Plaintiff repeats the allegations contained in paragraphs 1 through 44 as if the same were set forth at length.

48.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

9

49.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

E.  15 U.S.C. §1692e(14), by the use of a name other than the true name of the debt collector's business, company or organization;

F.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

G.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

H.  15 U.S.C. §1692g(a)(2), by failing to accurately name the creditor to whom the debt is due; and

I.   15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.


**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

10

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


Dated:   Rutherford, New Jersey
         August 1, 2017

Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office,

11

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: August 1, 2017                    By: s/ Lawrence C. Hersh

                                         Lawrence C. Hersh, Esq.

EXHIBIT A



August 01, 2016

**Creditor:** TIME WARNER CABLE
**Original Creditor:** Time Warner Cable
**Account Number:** XXXXXXXXXXXX1787
**Amount of Debt:** $650.61
**Reference Number:** 156351845

## COLLECTION NOTICE

GLADYS ESPINAL

Our records indicate that your balance with TIME WARNER CABLE remains unpaid; therefore your account has been placed with ERC for collection efforts.

Upon receipt and clearance of $650.61, your account will be closed and collection efforts will cease.

A portion of your balance may include fees due to unreturned Time Warner Cable equipment. Once your Time Warner Cable equipment is returned, your outstanding balance may be credited up to the value of the equipment returned. At that point we can offer you several options for resolving the remaining balance. If you do not have your Time Warner Cable equipment or cannot return it, your entire balance is being called due now.

This letter serves as notification that your delinquent account may be reported to the national credit bureaus.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

 View statements, pay your balance, and manage your account online at www.payerc.com.

 Telephone: (800) 875-4314 Toll Free. All calls are recorded and may be monitored for training purposes.

 Send correspondence to: ERC, P.O. Box 57610, Jacksonville, FL 32241

Office Hours (Eastern Time): Mon–Thurs: 8:00 am–11:00 pm, Fri: 8:00 am–10:00 pm, Sat: 8:00 am–8:00 pm

 **This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



August 01, 2016

IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW
OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW.

☐ VISA    ☐ MasterCard        BILLING ZIP

CARD NUMBER

SIGNATURE                      EXP. DATE

| REFERENCE NUMBER | AMOUNT OF DEBT | AMOUNT PAID |
|---|---|---|
| 156351845 | $650.61 | $ |



GLADYS ESPINAL
50 LINWOOD AVE E
PARAMUS NJ 07652-3839

98690 - 19982

ERC
P.O. Box 23870
Jacksonville, FL 32241-3870



## Federal Validation Notice:

Pursuant to 15 U.S.C. 1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

3. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

4. If you notify our office below in writing within (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

5. Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the letter on the reverse side of this notice.

### Federal Notice:

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

### Tennessee Residents:

This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

### Minnesota Residents:

This Collection Agency is licensed by the Minnesota Department of Commerce.

### New York State Residents:

New York City Department of Consumer Affairs License Number: 1394588.

### North Carolina Residents:

North Carolina Department of Insurance Permit Number: 103967.

### Utah Residents:

As required by Utah Law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Our Corporate Address Is:**
ERC
8014 Bayberry Road
Jacksonville, FL 32256

### Colorado Residents:

For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car or any successor web address.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 13111 E. Briarwood Ave. #340, Centennial, CO 80012, (303) 309-3839.

### California Residents:

1. The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

2. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

### Massachusetts Residents:

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector. If you wish to discuss this matter, please call us direct, between the hours of 8 AM and 5 PM EST, at the telephone number listed on the front of this notice. Local Address: 49 Winter Street, Weymouth, MA 02118.

We at ERC specialize in assisting persons in different financial situations.
If additional assistance is needed, please contact us or visit our website.