Michael R. Glanzman, Esq.
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9700

*Attorney for Defendant*
*Enhanced Recovery Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLADYS ESPINAL, on behalf of herself and all others similarly situated, | Civil Action No. 2:17-CV-05641-JMV-SCM |
| Plaintiff, | |
| v. | **DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND <u>AFFIRMATIVE DEFENSES</u>** |
| ENHANCED RECOVERY COMPANY, LLC, | |
| Defendant. | |

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Class Action Complaint filed by Plaintiff, Gladys Espinal ("Plaintiff").

### PRELIMINARY STATEMENT

1. ERC admits that Plaintiff brings this action against it under the FDCPA, but denies committing any violation of the FDCPA and further denies that the relief sought is available under the FDCPA.

## JURISDICTION AND VENUE

2. ERC admits that this Court generally has jurisdiction over claims arising under federal law.

3. ERC admits that venue is proper in this District. ERC denies committing any act or omission giving rise to the claims asserted in this matter.

## DEFINITIONS

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: the FDCPA speaks for itself.

## JURY DEMAND

5. ERC admits that Plaintiff demands a trial by jury.

## PARTIES

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: the FDCPA speaks for itself.

7. ERC admits that Plaintiff is a natural person. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations.

8. ERC admits that it is a limited liability company organized under the laws of the state of Delaware and that it maintains a business address in Jacksonville, Florida.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it is engaged in the business of providing

collection services on behalf of its customers and that it uses the mails, telephone, and facsimile to provide such services.

## CLASS ACTION ALLEGATIONS

10. The allegations contained in paragraph 10 of the Complaint are Plaintiff's purported definition of classes she seeks to represent and, accordingly, no response is necessary. To the extent a response is required, ERC denies that any such classes can be properly certified or maintained under Rule 23.

11. The allegations contained in paragraph 11 of the Complaint are Plaintiff's purported definition of classes she seeks to represent and, accordingly, no response is necessary. To the extent a response is required, ERC denies that any such classes can be properly certified or maintained under Rule 23.

12. The allegations contained in paragraph 12 of the Complaint, and all subparts thereof, are legal conclusions regarding whether class certification is appropriate, and, accordingly, no response is necessary. To the extent a response is required, ERC denies that any such classes can be properly certified or maintained under Rule 23.

## STATEMENT OF FACTS

13. The allegations contained in paragraph 13 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

14. ERC admits that an account bearing the name of Plaintiff was placed with it for collection by its customer Time Warner Cable. ERC is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and, therefore, denies the allegations.

15. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the allegations.

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

17. The allegations contained in paragraph 17 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

18. ERC admits that an account bearing the name of Plaintiff in the amount of $650.61 was placed with it for collection by its customer Time Warner Cable. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, denies the allegations.

19. ERC admits that Time Warner placed the account bearing Plaintiff's name with it for collection prior to August 1, 2016. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies the allegations.

20. ERC admits that the balance on the account placed with it for collection by Time Warner was past due when it was placed with ERC for collection. ERC is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21. ERC admits that on or about August 1, 2016 ERC sent a collection letter to Plaintiff regarding the account indicating a current balance of $650.61.

22. ERC admits that the referenced letter was the first correspondence from ERC to Plaintiff.

23. ERC admits that on or about August 1, 2016 ERC sent a collection letter to Plaintiff regarding an account bearing Plaintiff's name that ERC's customer placed with ERC for collection. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies the allegations.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC admits that the letter refers to an account placed with ERC by Time Warner.

25. ERC admits that the referenced letter contains the language "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed valid by us."

26. ERC admits that the referenced letter was the first written correspondence from ERC to Plaintiff.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, the FDCPA speaks for itself.

5

SGR/16986694.1

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, the FDCPA speaks for itself.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies that the front of the letter was required to contain notice contained in subsections (4) and (5) of section 1692g(a) of the FDCPA.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states admits that the back of the letter contains all required notices.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: the exhibit speaks for itself.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: the exhibit speaks for itself.

36. ERC denies the allegations contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it sent letters containing notices required by the FDCPA on both the front and back of the letter to multiple persons in the State of New Jersey.

38. ERC denies the allegations contained in paragraph 38 of the Complaint.

39. ERC denies the allegations contained in paragraph 39 of the Complaint.

40. ERC denies the allegations contained in paragraph 40 of the Complaint.

41. ERC denies the allegations contained in paragraph 41 of the Complaint.

42. ERC denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies violating the FDCPA.

44. ERC denies the allegations contained in paragraph 44 of the Complaint.

45. ERC denies the allegations contained in paragraph 45 of the Complaint.

46. ERC admits that it sent letters in the form described in the Complaint to at least 50 persons in the State of New Jersey.

## COUNT I

47. ERC responds to the allegations contained in paragraphs 1 through 46 of the Complaint as set forth fully above.

48. ERC denies the allegations contained in paragraph 48 of the Complaint.

49. ERC denies the allegations contained in paragraph 49 of the Complaint and all subparts thereof.

## GENERAL DENIAL

50. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against ERC for actual damages must be dismissed because Plaintiff has failed to set forth any allegations showing an entitlement to such damages.

### Third Affirmative Defense

Plaintiff's claims against ERC for actual damages are barred to the extent Plaintiff failed to mitigate such damages.

### Fourth Affirmative Defense

Plaintiff's claims must be dismissed because all actions taken by ERC were consistent with ERC's obligations under the FDCPA.

### Fifth Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff did not suffer any concrete and particularized injury-in-fact and, therefore, lacks standing to pursue such a claim before this Court.

### Sixth Affirmative Defense

Plaintiff's claims against ERC must be dismissed to the extent that they are barred by the statute of limitations.

### Seventh Affirmative Defense

Plaintiff's claims against ERC under section 1692e(14) must be dismissed because ERC's letter complied with regulatory guidance.

### Eighth Affirmative Defense

Plaintiff's claims against ERC must be dismissed to the extent Plaintiff previously received a notice of his rights under the FDCPA with respect to the Time Warner account at issue.

### Ninth Affirmative Defense

ERC reserves the right to challenge the sufficiency of Plaintiff's class allegations, including the right to raise issues or defenses applicable to the purported claims of the named Plaintiff and/or individual putative class members, at the appropriate stages of this proceeding.

### CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: New York, New York
November 29, 2017

SMITH, GAMBRELL & RUSSELL, LLP

By: /s/ Michael R. Glanzman
    Michael R. Glanzman
*Attorneys for Defendant*
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
mglanzman@sgrlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2017, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
Email: lh@hershlegal.com
*Attorneys for Plaintiff*


/s/ Michael R. Glanzman
       Attorney